Gibson vs. Mozier.

---

## GIBSON vs. MOZIER.

1. "Not guilty," is under our statute, the general issue in an action of replevin.

2. Under that plea, evidence is admissible, to shew that the plaintiff is not entitled to the posession of the property replevied; and that a deed under which the property is claimed, is void.

## APPEAL from Newton.

WINSTON, for Appellant.

THE POINTS AND AUTHORITIES relied upon by the appellant are :

1. That the plea which was by the court stricken out, was a good plea. See Revised Code, 521.

But even admitting the plea to be bad, it should have been objected to by demurrer, and the court ought not to have permitted the plaintiff to withdraw his general replication, and take any advantage of it by motion.

3. The court ought to have permitted the defendant to prove that he took the negro by virtue of an execution directed to him as sheriff, as

the statute expressly declares that no replevin shall be sustained against any officer for any property taken by him under the authority of any legal process; and this I contend could be given in evidence under the plea of not guilty. See as to this Revised Code, 528. At any rate, I insist that the defendant ought to have been permitted to prove the fraudulent sale of the negro from Wallace to the plaintiff, as by that means he would have established that the negro was liable to the execution, and so that there was no wrongful taking.

PHELPS, for Appellee.

POINTS AND AUTHORITIES.

1. The declaration is sufficient; it avers the taking and detaining the goods of pl'ff. by the def't. 3 Mo. Rep. 331.

2. The court did not err in refusing to receive the evidence offered by defendant below. Statute 528; 1 Ch. Pl. 188—441, 6 Com. Dig. 496-7; 4 Mo. Rep. 101.

3. *Non cepit* is the general issue, and defendant as sheriff, might have given the special matter in evidence under that plea; and not under the plea of not guilty ; 1 Ch. Pl. 188.

SCOTT, J., delivered the opinion of the Court.

This was an action of replevin for a slave, brought against Gibson, the sheriff of Newton county, who levied on the said slave as the property of one Wallace, to satisfy an execution he had against him.

Mozier, the appellee, claimed the slave under a bill of sale from Wallace.

The plea was not guilty, on which issue was joined, under which Gibson, the sheriff, offered to show in evidence that the sale by Wallace to Mozier was fraudulent and void against creditors. This evidence was excluded by the court, and there was a verdict and judgment for Mozier.

The only question is, whether the evidence under the issue in the cause was properly excluded.

*Non cepit* was at common law the general issue, in an action of replevin, which put in issue not only the taking, but the taking in the place alleged in the declaration. It is also true, that under the general issue *non cepit*, the defendant could not dispute the plaintiff's prop-

erty.   This could only be done under a special plea.   Chitty 160, 491. Did the question look to the common law alone for its determination, there could be no difficulty in settling it.   But our statute has changed the form of pleadings in the action of replevin, and removing the doubts which existed previously as to the extent of that remedy at the common law, has made its application more usual.   The 7th section of the act regulating the action of replevin, enacts that the defendant may plead that he is not guilty of the premises charged against him, and this plea shall put in issue, not only the right of the plaintiff to the possession of the property mentioned in the declaration, but also the wrongful taking and detention thereof.   If the right of possession to the property in controversy is put in issue by the plea of not guilty, it is hard to imagine a reason why evidence conducing to show that a deed under which a party claimed is void, is not admissible under that issue, as it clearly shows that the party claiming under it had not a right to the possession.

The view taken of this matter below seems to have been confined to that arising from the 27th section of the third art. of the Act regulating the practice at law, which allows any officer against whom an action is brought for any act done by virtue of his office, to plead the general issue and give the special matter in evidence under it; and it was argued that as *non cepit* was the general issue in an action of replevin at the common law, therefore the plea of not guilty, filed in this cause, not being the general issue, the evidence offered by Gibson, under it, was inadmissible.   Whatever the common law on this subject was, we think that under our statute, there can be no pretence for contending that the plea of *non cepit*, is the general issue.   Why should *non cepit* be regarded as the general issue when all that could have been given in evidence under it at common law, and a great deal more, can now be given, under the plea of not guilty?   Such a view of the subject stands on a narrow and technical ground, and seems entirely at variance with the provisions of our statute on this subject.

The other Judges concurring, the judgment below will be reversed.